UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-23443-GAYLES

CARACOL TELEVISION, S.A.,

    Plaintiff,

vs.

TELEMUNDO TELEVISION STUDIOS, LLC., TELEMUNDO INTERNACIONAL LLC, and TELEMUNDO NETWORK GROUP, LLC,

    Defendants.
                                     /

## ORDER

**THIS CAUSE** comes before the Court on the Motion of Plaintiff Caracol Television, S.A., for Entry of Preliminary Injunction (the "Motion") [ECF No. 3]. The Court has reviewed the briefs, the arguments of counsel, the record in this case, and is otherwise fully advised. Because the Court finds that Plaintiff has not met its burden to establish that irreparable injury will be suffered in the absence of an injunction, Plaintiff's Motion is denied.

**I.    Background**

This is a dispute over use and ownership of a telenovela character. According to the allegations in the Amended Complaint, Plaintiff and Defendants, Telemundo Television Studios, LLC., and its affiliates ("Telemundo"), are both media production companies. At one time, they partnered to jointly develop, produce, and distribute a telenovela titled "El Senõr de los Cielos" (the "Telenovela"). As part of this, the parties entered into several different contractual agreements regarding: (1) the parties' individual

1

rights to certain exclusive exploitations and distributions of the Telenovela; (2) the copyright to the script, given jointly to the parties; (3) the copyright to the Telenovela, given jointly to the parties, and; (4) the ownership, development, and distribution rights for derivative works of the Telenovela, given jointly to the parties. Most notably for this Motion, the parties also entered in an agreement regarding production and distribution of a sequel to the Telenovela (the "Letter Agreement").

The Letter Agreement provided that Telemundo would produce and distribute a sequel, subject to certain exhibition rights granted to Caracol. It gave Telemundo the right to "use all elements (e.g., characters . . .)" of the original show and the "right, title and interest (including copyright), throughout the universe in and to the Sequel . . . and all elements[,] underlying works or portions thereof, . . . in any and all media and formats[,] now known or hereafter devised, in perpetuity, including without limitation all literary, dramatic[,] and other material contained therein, . . . ." [ECF No. 7, ¶ 20 (citing Exhibit C, at 3)].

The Telenovela featured a character known as "El Cabo." Caracol alleges that El Cabo is a distinctive character with certain features that make him noteworthy, or in other words, subject to a copyright. The parties contest whether the Letter Agreement gave Telemundo a license or a copyright over El Cabo or merely gave Telemundo the right to use El Cabo for specific scenes in the Telenovela and a few additional scenes in other telenovelas.

Caracol alleges—and Telemundo does not dispute—that over the past four years, Telemundo produced additional telenovelas, outside of El Senõr de los Cielos, featuring El Cabo without Caracol's explicit consent. The extent of how many and how often the

character was used in them is disputed, but there is no question that Telemundo used the character. There is also no dispute that Telemundo intends to keep using the character, though the extent of its continued use is not clear. Telemundo maintains that it does not need explicit consent because the Letter Agreement, among others, gave Telemundo the right to produce a sequel and otherwise use the character. Caracol brings this Motion to stop Telemundo from using El Cabo in any current or future works.

## II. Legal Standard

"A preliminary injunction may be granted to a moving party who establishes '(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.'" *United States v. Alabama*, 691 F.3d 1269, 1281 (11th Cir. 2012) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). "A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (quoting *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam)); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (stating that the grant of a preliminary injunction "is the exception rather than the rule" and the plaintiff must clearly carry the burden of persuasion).

## III. Discussion

Because a plaintiff must prevail on each element, courts look critically to ensure that all four have been satisfied when reviewing a motion for preliminary injunction. In this case, the third element—whether the Plaintiff has, or will, suffer irreparable harm without the injunction—is dispositive.

"[H]arms that may be remedied through the award of monetary damages are not considered 'irreparable.'" *Suntrust Bank v. Houghton Mifflin Co.,* 268 F.3d 1257, 1276 (11th Cir. 2001) (quoting *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987)); *see also Future Tech Int'l, Inc. v. Tae Il Media, Ltd.*, 944 F. Supp. 1538, 1553 (S.D. Fla. 1996) ("The possibility of adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm."). The Eleventh Circuit has repeatedly held that the availability of money damages typically restricts the equitable remedy of a preliminary injunction. *E.g.*, *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity."). So too has this Court. *E.g.*, *Future Tech*, 944 F. Supp. at 1553.

In copyright cases, irreparable harm typically exists "where the plaintiff has invested considerable time and money in the development of a product and the defendant has engaged in wholesale copying." *Re-Gu Records v. Marakka 2000, Inc.*, No. 09-21251-CIV, 2009 WL 10668181, at *3–5 (S.D. Fla. Aug. 19, 2009), *report and recommendation adopted*, No. 09-21251-CIV, 2009 WL 10669020 (S.D. Fla. Nov. 10, 2009) (citing *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 525–6 (9th Cir.

1984)). But this Court has rejected irreparable harm where the plaintiff has alleged solely speculative harm, *Universal City Studios, Inc. v. Casey & Casey, Inc.*, 622 F. Supp. 201, 205–06 (S.D. Fla. 1985) (rejecting irreparable harm as speculative where the only demonstrated harm was "actual or potential losses of proceeds occasioned by the activities of the defendant"), and where the material injury has already occurred at the time of litigation, *Re-Gu Records*, 2009 WL 10668181, at *3–5 (comparing the relationship of plaintiff with multiple defendants and granting injunctive relief solely against defendants who directly competed with plaintiff and engaged in the sale and manufacture of products identical to those protected under plaintiff's copyright). And injuries considered "irreparable" typically relate to the longstanding effect on a plaintiff's business, as opposed to any time-limited or discrete injury compensable at law. *E.g.*, *Vergara Hermosilla v. The Coca-Cola Co.*, 717 F. Supp. 2d 1297, 1305 (S.D. Fla. 2010) ("the loss of customers and goodwill is an irreparable injury") (internal quotation omitted) (citing *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991).

The Court finds no irreparable harm here. In its Motion, Caracol argues that Telemundo's use of the character "denies Caracol its right to control its work, denies it the right to realize economic gain from its own use of [the character], and threatens the loss of a valuable asset." [ECF No. 3, at 7]. But damages would remedy each injury.

Caracol's right to profit from its use of the character and the loss of an asset are both redressable in damages because there is a calculable sum that can satisfy Caracol's injuries. The Letter Agreement and other contracts demonstrate this, as the parties previously agreed to proportions of profits and damages provisions. These indicate that the parties could and did assign the show and its elements a monetary value. Moreover,

as counsel for Telemundo established at argument, there are numerous ways to gauge the value of the character. For example, the parties could look at the metrics used by television entertainment, such as revenue streams, ratings, and profit margins.

Caracol's third argument, its right to control its own work, fails for two reasons. First, the parties' contracts dispel any reasonable possibility that this injury is not compensable through damages. It is undisputed that the contracts established how at least some of the profits would be shared and allocated monetary remedies in the event of a dispute. Thus, the character (and the show) were both assigned a value and any damage Caracol may suffer from not being able to control its own work is compensable based on that value. Second, a "right to control its work" injury is (at best) speculative based on the facts alleged here. *See Universal*, 622 F. Supp. at 205–06. The only concrete harm alleged is the loss of profits.

Aside from repeatedly contending that this case centers on a copyright dispute and not a breach of contract claim, Caracol has offered little to no counterargument for Telemundo's contention that damages are a sufficient remedy.[1] In its Reply, Caracol alleges that it has suffered monetary harm and will continue to do so if Telemundo

---

[1] This Court's precedent teaches that irreparable harm may not be presumed in copyright cases such as this. *See Applied Concepts Unleashed, Inc. v. Matthews*, No. 12-14035-CIV, 2012 WL 12831313, at *13–14 (S.D. Fla. Oct. 1, 2012), *report and recommendation adopted sub nom. Applied Concepts Unleashed, Inc v. Matthews*, No. 12-14035-CIV, 2012 WL 12831544 (S.D. Fla. Oct. 19, 2012), *order amended and superseded*, No. 12-14035-CIV, 2012 WL 13018412 (S.D. Fla. Oct. 24, 2012), and *report and recommendation adopted sub nom. Applied Concepts Unleashed, Inc v. Matthews*, No. 12-14035-CIV, 2012 WL 13018412 (S.D. Fla. Oct. 24, 2012) ("[I]t follows that an injunction should not automatically issue after a finding of copyright infringement is made. Rather, the court should examine whether on the facts of the case at issue plaintiff has shown that failure to issue an injunction will result in irreparable harm."). The Court therefore declines to presume injury and instead evaluates on the facts of the instant case whether Plaintiff will suffer irreparable harm.

continues to use El Cabo. [ECF No. 3, at 7]. But nowhere does Caracol provide evidence of lasting damage to, for example, its brand, reputation, or customer base by virtue of Telemundo's continued use of El Cabo. *See Vergara*, 717 F. Supp. 2d at 1305.

An injunction "should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). In this case, the "key word" in the analysis "is irreparable. Mere injuries, however substantial, in terms of money, time and energy . . . , are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Accordingly, the Court finds that Caracol has failed to establish irreparable harm. Because a movant must carry the burden on all four elements, *GeorgiaCarry.org, Inc.*, 788 F.3d at 1322, the Court need not analyze the other three.

## IV. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Preliminary Injunction [ECF No. 3] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE