# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 18-cv-23443-GAYLES

CARACOL TELEVISION, S.A.,

       Plaintiff,

vs.

TELEMUNDO TELEVISION STUDIOS,
LLC., TELEMUNDO INTERNACIONAL
LLC, and TELEMUNDO NETWORK
GROUP, LLC,

       Defendants.

_____/

## ORDER

    **THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Amended Complaint (the "Motion") [ECF No. 22]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion shall be granted.

## Background[1]

    Plaintiff Caracol Television, S.A. ("Caracol") and Defendants Telemundo Television Studios, LLC ("TTS"), Telemundo International LLC ("TI"), and Telemundo Network Group LLC ("TNG") (collectively the "Defendants"), are media production companies. On October 25, 2012, Plaintiff and TTS entered into a Co-Production Agreement to jointly develop, produce, and distribute a telenovela titled "El Senõr de los

---

[1]     As the Court is proceeding on a motion to dismiss, it accepts Caracol's allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) (When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).

Cielos" ("El Senõr"). [ECF No. 7, Exhibit A].  The Co-Production Agreement provided that "[El Senõr] and all elements thereof will be jointly and exclusively owned by the Parties throughout the world . . ." *Id.*  The jointly owned "elements" of El Senõr included "without limitation all literary, dramatic, or other material contained therein, all characters, concepts, properties, elements, names, and titles contained therein . . ." *Id.* Caracol and TTS also entered into an International Distribution Agreement which governed the parties' exploitation and distribution rights for El Senõr.  [ECF No. 7, Exhibit B].

Prior to the production of El Senõr, Caracol had produced two seasons of a different telenovela titled "El Cartel" and "El Cartel 2" (collectively referred to as "El Cartel").  Caracol alleges that it licensed the elements of El Cartel, including certain characters, to TTS for use in El Senõr. In 2013, TTS and Caracol first broadcast El Senõr.

On August 27, 2013, Plaintiff and TTS entered into a letter agreement (the "Letter Agreement") which provided that TTS would produce a sequel to El Senõr (the "Sequel"). [ECF No. 7, Exhibit C].  The Letter Agreement gave TTS the "right to use all elements (e.g., characters, story, scenarios, locales, etc.) derived from [El Senõr] and any new elements added by TTS for purposes of creating the Sequel." *Id.* Notably, the Letter Agreement also states that "[f]or clarity, TTS will not be entitled to use images and content licensed by Caracol for [El Senõr], except as agreed mutually by the Parties in a case-by-case scenario." *Id.*  TTS first broadcast the Sequel in 2014. TTS went on to produce an additional four seasons and a spinoff of El Senõr (collectively the "El Senõr Derived Series and Spinoff").

On September 5, 2018, Caracol filed its Amended Complaint against Defendants, alleging TTS failed to pay it sums required under the agreements and failed to offer it the option to co-produce the El Senõr Derived Series and Spinoff. In addition, Caracol contends that TTS used elements of El Cartel in the El Senõr Derived Series and Spinoff without permission or authorization. Plaintiff's Amended Complaint sets forth four claims for relief: Declaratory Judgment as to Copyright (Count I); Breach of Contract (Count II); Accounting (Count III); and Copyright Infringement (Count IV).[2] Defendant has moved to dismiss Count IV.

## Discussion

Defendants argue that Caracol has no standing and fails to state a claim for copyright infringement because Caracol and TTS jointly own the copyrights in El Senõr and the El Senõr Sequel. The Court disagrees.

"A co-owner of a copyright claim cannot be liable to another co-owner for infringement of the copyright." *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1305 n.12 (11th Cir. 2007). Caracol does not dispute that it and TTS jointly own the copyrights in El Senõr and the El Senõr Sequel. Indeed, the extent of this joint ownership forms the basis of Caracol's claim for declaratory relief in Count I. However, in Count IV, Caracol alleges that it licensed certain characters, stories, and scenarios from El Cartel to TTS for use in El Senõr. This allegation is supported by the language in the Letter Agreement that TTS was not entitled to use "images and content licensed by Caracol for the [El Senõr] . . ." [ECF No. 7 Ex. C]. Caracol goes on to allege in the

---

[2] Plaintiff also moved for a preliminary injunction asking the Court to enjoin Defendants from using an El Cartel character—El Cabo—in any current or future works. The Court denied the Motion for Preliminary Injunction as Plaintiff failed to establish irreparable harm. [ECF No. 35].

Amended Complaint that TTS, without permission, used the El Cartel material in the El Senõr Derivative Series and Spinoff. Defendants may be able to establish, after discovery, that TTS owned the copyright to the El Cartel elements, that Caracol's license of the copyright of the El Cartel elements extended to the El Senõr Derivative Series and Spinoff, or that the joint ownership of the copyright in El Senõr encompassed the El Cartel material. However, the Court cannot make such factual determinations on a motion to dismiss. *See Brooks,* 116 F.3d at 1369. Accordingly, the Motion must be denied.

### Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint [ECF No. 22] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of April, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE