**STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CARACOL TELEVISION, S.A.**

Plaintiff,

v.                                                              **Case No.: 1:18-cv-23443-GAYLES**

**TELEMUNDO TELEVISION STUDIOS,**
**LLC, TELEMUNDO INTERNACIONAL**
**LLC, and TELEMUNDO NETWORK**
**GROUP LLC,**

 Defendants.

_____/

**DEFENDANTS' VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to L.R. 7.3, Defendants Telemundo Internacional, LLC ("TI"), Telemundo Network Group, LLC ("TNG"), and Telemundo Television Studios, LLC ("TTS") (collectively "Telemundo" or "Defendants") respectfully move this Court for an award of attorneys' fees and costs.  In support of this Motion, Telemundo states:

**INTRODUCTION**

Telemundo is entitled to recover its attorneys' fees and costs incurred in this case for at least three reasons.

*First*, because all of Caracol's claims were based on the premise that it owned copyrights in the Series and the fictional "El Cabo" character, and because its copyright claims were "objectively unreasonable," Telemundo is entitled to recover under the Copyright Act.  Indeed, Plaintiff simply *abandoned* its position on several key elements of its copyright claim in response to Telemundo's summary judgment motion, despite pushing such baseless theories throughout the 2.5 year course of this litigation and forcing Telemundo to incur substantial fees and costs defending those positions.  The two most glaring examples of this were Plaintiff's claims that

Telemundo infringed a second fictional character, "Oscar Cadenas," and that Telemundo's spin-off television series, *El Chema*, was an infringing derivative work – both positions taken throughout the litigation but expressly abandoned by Plaintiff in response to Defendants' now granted Motion for Summary Judgment.  (*See* D.E. 112 (granting Defendants' Motion for Summary Judgment on All Counts of Plaintiff's Amended Complaint).)

*Second*, because Caracol declined to accept Telemundo's Offer of Judgment as to Caracol's federal copyright infringement claim (Count IV of the Complaint), Telemundo is entitled to recover its attorneys' fees and costs incurred after May 8, 2020.

*Third*, because Caracol declined to accept Telemundo's Proposal for Settlement as to Caracol's state law breach of contract claims (Count II of the Complaint), Telemundo is entitled to recover its attorneys' fees and costs incurred after May 8, 2020.

## ARGUMENT

**A.**      **Telemundo is Entitled to Recover its Attorneys' Fees and Costs Under the Copyright Act.**

"In any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."[1] 17 U.S.C. § 505. "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  *Id.*  "The Copyright Act gives the court broad discretion to determine whether a party is the prevailing party and whether the amount of fees sought is reasonable."  *Vallejo v. Narcos Prods. LLC*, 2020 WL 6815056, at *1–2 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted*, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020) (citing *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1296 (S.D. Fla. 2015)).  "In copyright cases, although attorneys' fees are

---

[1] The Copyright Act's authorization of an award of "full costs" includes all costs recoverable under 28 U.S.C. § 1920.  *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019).

awarded in the trial court's discretion, **they are the rule rather than the exception and should be awarded routinely**." *Professional LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1376 (S.D. Fla. 2015) (quoting *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003)) (emphasis added).   Moreover, "[w]here a defendant is the prevailing party in a copyright case **the presumption in favor of awarding fees to the defendant is very strong**." *Vallejo,* 2020 WL 6815056 at *2 (citing *Katz*, 127 F. Supp. 3d at 1297) (emphasis added).   When the question of copyright ownership is common to a copyright infringement claim and a breach of contract claim, the prevailing party can recover its fees and costs for both claims under the Copyright Act.   *See, e.g., InvesSys, Inc. v. McGraw-Hill Companies*, Ltd., 369 F.3d 16, 19–20 (1st Cir. 2004) (affirming district court's fee and cost award as to all claims because "the question of ownership of [the work] was common to both the plaintiffs' claim under the Copyright Act and their [breach of contract] claims under state law" and noting that "[i]f plaintiffs lost as to ownership, all claims failed.").

The U.S. Supreme Court set forth a non-exhaustive list of factors for courts to consider when contemplating an attorneys' fee award under the Copyright Act.   "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."   *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994) (citation omitted); *see also Vallejo*, 2020 WL 6815056 at *2 (stating "[t]he Court is not required to weigh all of these factors, rather the court should exercise its equitable discretion."); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015) ("*Fogerty* does not require the Court to weigh all of these factors.").

In copyright cases, "[f]rivolousness . . . is usually found in cases in which the claimant does not even own the copyright in question or has granted a license to the alleged infringer but sues for infringement nonetheless." *Prof'l LED Lighting, Ltd.*, 88 F. Supp. 3d at 1375 (citing *Corwin v. Walt Disney World Co.*, 2008 WL 754697, at \*6 (M.D. Fla. Mar. 18, 2008)); *see also Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005) (deeming a copyright claim frivolous where plaintiff did not own, and knew, or should have known that it did not own, valid copyrights for works sued upon). Moreover, "if a copyright claim is clearly without merit or otherwise patently devoid of legal or factual basis, that claim ought to be deemed objectively unreasonable, and an award of fees and costs is then proper." *Prof'l LED Lighting, Ltd.*, 88 F. Supp. 3d at 1375-76 (citation omitted). In analyzing a claim for attorneys' fees and costs, courts "should give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016). Here, Caracol's copyright infringement claims were frivolous and objectively unreasonable.

As acknowledged by the Court in its Order granting Defendants' Summary Judgment, all of Caracol's claims – Declaratory Judgment as to Copyright (Count I); Breach of Contract (Count II); Accounting (Count III); and Copyright Infringement (Count IV) – "stem from the premise that Caracol continues to have an ownership interest in the Series." (D.E. 112 at 6.)[2] Upon review of the evidence before it, however, the Court concluded that "the plain language of the Letter Agreement is **unambiguous** and evinces the parties' intent to transfer all of Caracol's ownership interest in the Series to Telemundo." (D.E. 112 at 8 (emphasis added).) Thus, when Caracol filed its Complaint in this case alleging copyright infringement, it clearly had no ownership rights –

---

[2] The Court subsequently entered Final Judgment in favor of Defendants and against Plaintiff Caracol on March 4, 2021. (D.E. 116.)

copyright or otherwise – in the Series, which was the very premise upon which *all* of its claims are based.  The "plain language" of the Letter Agreement, according to the Court, is "clear," "unambiguous," and has "only one reasonable interpretation" – Caracol "agreed to transfer its entire ownership interest in the Series, including the El Cabo character, to [Telemundo]" and that "after season one, Caracol no longer had an ownership interest in the Series." (*Id.*)  Thus, Caracol knew, or at the very least should have known based on the "plain language" of the Letter Agreement, that it had no rights to the Series when it asserted its claim under the Copyright Act. Notably, this Court also recognized that Caracol's copyright claims are likely "barred by the Copyright Act's three-year statute of limitations" (D.E. 112 at 10, n.7 (citing 15 U.S.C. § 507(b)), which further illustrates the frivolousness and unreasonableness of Caracol's time-barred claims.

Further, after two years of litigation, Caracol abruptly abandoned many of its copyright infringement claims in the midst of the summary judgment briefing in this case.  From the time it filed its original Complaint until the deadline for filing dispositive motions, Caracol alleged and asserted copyright claims against Telemundo's television programs "*El Señor de los Cielos*" and "*El Chema*."  Caracol repeatedly pled it was a joint owner of copyrights in both "*El Señor de los Cielos*" and "*El Chema*."  (D.E. 1, ¶35; D.E. 7, ¶35.)  In answer to Telemundo's interrogatories, on April 10, 2019, Caracol provided more detail regarding its copyright claims asserting that Telemundo infringed the "visual expressions of the characters known as 'El Cabo' and 'Oscar Cadena'" from the television programs "*El Cartel*" and "*El Cartel 2*."  (Caracol's Answers and Objections to Defendants' First Set of Interrogatories, Response to Interrogatory 4, [D.E. 93-1, at 3-4].)  Caracol indicated that identical characters appeared in Telemundo's programs "*El Señor de los Cielos*" and "*El Chema*."  *Id* .  On June 7, 2019, Caracol again asserted that the characters "El Cabo" and "Oscar Cadena" were infringed by the appearance of the same characters in "*El Señor*

*de los Cielos*" and "*El Chema*."  (Caracol's Supplement to Answers to Defendants' First Set of Interrogatories, Supplemental Answer to Interrogatory 6, [D.E. 93-1, at 15].)

Ultimately, however, in response to Defendants' Motion for Summary Judgment, Caracol simply dropped these claims.  In its response in opposition to Defendants' Motion for Summary Judgment (D.E. 94, the "Opposition"), **Caracol explicitly conceded** that: Telemundo "had the right to make and own derivative works" of "*El Señor de los Cielos*" and that Caracol had no right to "be deemed a co-owner of the derivative works prepared by Telemundo."  (Opposition, at 7.) Caracol also made no mention whatsoever in the Opposition of any infringement based on Telemundo's use of the character "Oscar Cadena" or the program "*El Chema*."  In the meantime, Telemundo was forced to defend against Caracol's admittedly baseless claims for years and at great expense, including responding to Caracol's Motion for Preliminary Injunction (D.E. 3), engaging in substantial discovery and motion practice, including reviewing and analyzing all 84 episodes of "*El Chema*," as well as depositions of multiple witnesses, expert discovery, and damages analysis.

Caracol should have known that its assignment of all copyrights to the Series to Telemundo in the Letter Agreement – including the "El Cabo" and "Oscar Cadena" characters – as well as its four-year delay in filing suit, would be "virtually insurmountable hurdles in pursuing [its] claims" and thus render its claims "objectively unreasonable."  *See, e.g., Corwin v. Walt Disney World Co.*, 2008 WL 754697, at *11 (M.D. Fla. Mar. 18, 2008) (objectively unreasonable to proceed in the face of "insurmountable hurdles").  Moreover, Caracol's concession that the vast majority of its copyright infringement claims against Telemundo were unfounded, including those pertaining to "*El Chema*", and the "Oscar Cadena" character, further underscores Telemundo's right for the

relief requested herein.  Caracol's claims, all of which ultimately arise under the Copyright Act, lack any reasonable basis in fact or law.

Accordingly, as set forth in Tables 1 and 3 below, before agreed reductions, Telemundo was seeking to recover $1,172,655.80 in attorneys' fees and $22,648.27 in costs.[3]  After agreed reductions for travel time and redacted time entries, pursuant to the Copyright Act, Telemundo is seeking $1,118,937.50 in attorneys' fees and $22,648.27 in costs.

**B.      Telemundo is Entitled to Recover its Fees and Costs Pursuant to Fed. R. Civ. P. 68.**

Pursuant to Rule 68, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If the offer is not accepted, and "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  "[A]bsent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68."  *Marek v. Chesny*, 473 U.S. 1, 9 (1985).  As set forth above, the Copyright Act provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.

On May 8, 2020, Defendants TI, TNG, and TTS each served an offer of judgment on Caracol, copies of which are attached hereto as **Exhibit A**.  The offers of judgment were "an attempt to fully and finally resolve any and all claims for monetary damages or costs asserted by Caracol in Count IV [copyright infringement] of Caracol's Amended Complaint [D.E. 7] in this action . . . ."  Exh. A.  Defendants TI, TNG, and TTS each offered Caracol a "single lump sum

---

[3] As the prevailing party, Telemundo is also entitled to recover these costs pursuant to Rule 54(d), which states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).

payment in the amount of $10,000.00." Caracol did not respond to the offers and they are thus deemed rejected. On January 25, 2021, the Court granted Telemundo's motion for summary judgment on all counts, and denied Caracol's motion for summary judgment. (D.E. 112.) Accordingly, Telemundo is entitled to recover all attorneys' fees and costs incurred since May 8, 2020. The attached Declaration reflects the breakdown of such fees from May 8, 2020 to the present. *See* **Exhibit D** attached hereto.

Accordingly, as per Rule 68, before agreed reductions, Telemundo was seeking $316,886.40 in attorneys' fees and $4,263.15 in costs from Caracol. After agreed reductions for redacted time entries after May 8, 2020, pursuant to Rule 68, Telemundo is seeking $310,969.80 in attorneys' fees and $4,263.15 in costs.

**C.     Telemundo is Entitled to Recover its Fees and Costs Pursuant to § 768.79, Fla. Stat., and Florida Rule of Civil Procedure 1.442.**

"Pursuant to Section 768.79 of the Florida Statutes, a defendant who prevails in a civil action for damages shall be entitled to recover reasonable attorney's fees and costs incurred if the defendant filed an offer of judgment that was not accepted by plaintiff within 30 days of filing."[4] *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020), *report and recommendation adopted*, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020) (citing Fla. Stat. § 768.79(1)). "The defendant shall be entitled to recover reasonable attorney's fees and costs if the judgment is one of no liability . . . ." *Id*. Prevailing on summary judgment is "a judgment of no liability under Section 768.79." *Id*. "Where the defendant

---

[4] Although the statute states the offer of judgment should be "filed," Rule 1.442 states "[a] proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule." Fla. R. Civ. P. 1.442(d). "This rule . . . supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." Fla. R. Civ. P. 1.442(a).

is entitled to recover, the defendant shall be awarded reasonable costs and attorney's fees incurred from the date the offer of judgment was served." *Id*. (citing Fla Stat. § 768.79(6)(a)).

On May 8, 2020, Defendants TI, TNG, and TTS each served an offer of judgment, or proposal for settlement, on Caracol pursuant to § 768.79, Florida Statutes and Florida Rule of Civil Procedure 1.442, copies of which are attached hereto as **Exhibit B**.  The offers of judgment were "an attempt to fully and finally resolve any and all claims for monetary damages or costs asserted by Caracol in Count II of Caracol's Amended Complaint [D.E. 7] . . . ."  Exh. B. Defendants TI, TNG, and TTS each offered Caracol a "single lump sum payment . . . of $10,000.00."  On June 3, 2020, Caracol accepted only one of the offers, the one made on behalf of TNG, "solely as to Count II of the Amended Complaint."   Caracol's Notice of Acceptance of Defendant Telemundo Network Groups, LLC's Proposal for Settlement as to Count II of The Amended Complaint is attached hereto as **Exhibit C**.  Caracol did not respond to the offers to TI and TTS and they are thus deemed rejected.  On January 25, 2021, the Court granted Telemundo's motion for summary judgment on all counts, and denied Caracol's motion for summary judgment.   (D.E. 112.) Accordingly, Telemundo is entitled to recover all attorneys' fees and costs incurred since May 8, 2020 in the course of defending the remaining Defendants whose offers were rejected, TI and TTS.[5]  The attached Declaration reflects the breakdown of such fees, from May 8, 2020 to the present. *See* **Exhibit D** attached hereto.

Accordingly, as per § 768.79, Florida Statutes and applicable law, and accounting for Caracol's single Notice of Acceptance of TNG's $10,000 proposal for settlement (Exh. C), before agreed reductions, Defendants TI and TTS were seeking to recover $306,886.40 in attorneys' fees

---

[5] Telemundo submits that because it still had to defend the remaining defendants as to Count II and all other counts, no further reductions based on savings of defense costs should be made.

and $35,763.15 in costs from Caracol.  After agreed reductions for redacted time entries after May 8, 2020, pursuant to the § 768.79, Florida Statutes, Defendants TI and TTS are seeking $300,969.80 in attorneys' fees and $35,763.15 in costs.

## DEFENDANTS' REQUESTED FEES AND COSTS

An award of attorneys' fees is calculated by using the lodestar method, which is the number of reasonable hours expended multiplied by the reasonable hourly rate for each timekeeper involved.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "[W]here the claims involve a common core of facts and are based on related legal theories, a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorneys' fees are sought." *Mukamal v. Swire Pac. Holdings, Inc.*, 2011 WL 13173589, at *3 (S.D. Fla. July 29, 2011) (internal quotation marks omitted) ("In other words, where the counts are so inextricably intertwined that reasonable apportionment of the attorneys' time [is] impractical a full fee may be awarded.").  "Claims are seen as 'inextricably intertwined' when a 'determination of the issues in one action would necessarily be dispositive of the issues raised in the other.'"  *Id*. (quoting *Cuervo v. W. Lake Village II Condo. Ass'n, Inc.*, 709 So. 2d 598, 599–600 (Fla. 3d DCA 1998); *see also Brown Jordan Int'l, Inc. v. Carmicle*, 2017 WL 5633312, at *4 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted*, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) (declining to "parse counsel's time entries" because the "facts and claims are so closely related"); *United States v. Jones*, 125 F.3d 1418, 1430 (11th Cir. 1997) (fee award for entire litigation appropriate when a claim that provides for a recovery of attorneys' fees is inextricably intertwined with other allegations).

Here, Telemundo is entitled to recover all of its attorneys' fees incurred in this matter without any apportionment between specific counts of the Complaint because all of Caracol's claims are inextricably intertwined and, according to the Court, all "stem from the premise that Caracol continues to have an ownership interest in the Series."  (D.E. 112 at 6.)

Defendants have agreed to compensate their counsel, Greenberg Traurig ("GT"), for all costs and time spent by the following individuals on this matter as indicated in the "Total" row in the tables below, at the agreed upon hourly rates for these timekeepers as set forth therein.[6]  The final row summarizes the hours expended and the amount of fees to which the parties have reached agreement:

**Table 1: Summary of Fees Due Pursuant to the Copyright Act**

| Timekeeper | Title | Total Hours | Standard Rate | Average Rate Paid | Total Paid |
|---|---|---|---|---|---|
| Gregory Herbert, Esq. | Shareholder | 1062.2 | $765.00 | $657.84 | $698,753.70 |
| Joshua Brown, Esq. | Shareholder | 645.6 | $690.00 | $564.83 | $364,653.45 |
| Corinne LaGosh, Esq. | Of Counsel | 107.0 | $685.00 | $518.00 | $55,426.40 |
| Stephen Anderson, Esq. | Of Counsel | 22.7 | $490.00 | $441.00 | $10,010.70 |
| Arda Goker, Esq. | Associate | 76.1 | $415.00 | $355.50 | $27,053.55 |
| Paula Castro | Paralegal | 121.8 | $150.00 | $137.59 | $16,758.00 |
| **TOTAL** | | **2035.4** | | | **$1,172,655.80** |
| **TOTAL UNOPPOSED** | | **0.0** | | | **$0.00** |

**Table 2: Summary of Fees Due Pursuant to Fed. R. Civ. P. 68 or § 768.79, Florida Statutes**

| Timekeeper | Title | Total Hours | Standard Rate | Average Rate Paid | Total Paid |
|---|---|---|---|---|---|
| Gregory Herbert, Esq. | Shareholder | 298.9 | $765.00 | $671.25 | $200,635.65 |
| Joshua Brown, Esq. | Shareholder | 125.8 | $690.00 | $570.01 | $71,707.50 |

---

[6] During the meet and confer between counsel pursuant to Local Rule 7.3(b), Plaintiff's counsel alleged this Motion fails to comply with Local Rule 7.3(a)(4)'s requirement that Telemundo disclose "the terms of any applicable fee agreement."  L.R. 7.3(a)(4).  This Court, however, has held that a statement that "the applicable fee agreement provides that [] counsel shall be entitled to reimbursement of costs plus the time expended on the case multiplied by [counsel's hourly rate]" is sufficient to meet the rule's requirement.  *See Philipps v. SC Cap. Ventures, Inc.*, 2020 WL 5371296, at *1 (S.D. Fla. Mar. 13, 2020), *report and recommendation adopted sub nom. Phillips v. SC Cap. Ventures, Inc.*, 2020 WL 2988381 (S.D. Fla. June 4, 2020).

| Timekeeper | Title | Total Hours | Standard Rate | Average Rate Paid | Total Paid |
|---|---|---|---|---|---|
| Stephen Anderson, Esq. | Of Counsel | 22.7 | $490.00 | $441.00 | $10,010.70 |
| Arda Goker, Esq. | Associate | 76.1 | $415.00 | $355.50 | $27,053.55 |
| Paula Castro | Paralegal | 55.4 | $150.00 | $135.00 | $7,479.00 |
| **TOTAL** | | **578.9** | | | **$316,886.40** |
| **TOTAL UNOPPOSED** | | **0.0** | | | **$0.00** |

After meeting and conferring with Caracol's counsel, Telemundo agrees to reduce the amount of attorneys' fees it is claiming by excluding claims for travel time.  The below table lists travel time entries that Telemundo agrees to exclude from its claim for attorneys' fees.

| Date | Timekeeper | Billed Amount | Narrative |
|---|---|---|---|
| 10/9/2019 | Joshua Brown | $1,125.00 | Travel to Miami for 30(b)(6) Deposition of Plaintiff. |
| 10/9/2019 | Gregory Herbert | $2,610.00 | Travel for Rule 30(b)(6) deposition of Plaintiff's corporate representative, J.Martinez. |
| 10/11/2019 | Gregory Herbert | $2,610.00 | Return travel from Rule 30(b)(6) deposition of Plaintiff's corporate representative, J.Martinez. |
| 11/14/2019 | Joshua Brown | $956.25 | Travel to Miami for Deposition of Catalina Porto Urdaneta. |
| 11/14/2019 | Gregory Herbert | $1,957.50 | Travel for deposition of Catalina Porto Urdaneta. |
| 11/15/2019 | Joshua Brown | $1,968.75 | Return travel from Miami, FL after Deposition of Catalina Porto Urdaneta. |
| 11/15/2019 | Gregory Herbert | $2,936.25 | Return travel from deposition of Catalina Porto Urdaneta. |
| 12/10/2019 | Gregory Herbert | $2,283.75 | Travel to Telemundo's offices in Miami for preparation of deposition of Montenegro and Boshell. |
| 12/12/2019 | Joshua Brown | $1,743.75 | Travel to Miami, Florida to attend Deposition of Felipe Boshell. |
| 12/13/2019 | Joshua Brown | $2,193.75 | Return travel to Orlando, Florida after Deposition of Felipe Boshell. |
| 12/17/2019 | Gregory Herbert | $2,283.75 | Travel to Telemundo's offices in Miami for preparation of deposition of Montenegro and Boshell. |
| 1/29/2020 | Joshua Brown | $2,240.10 | MEDIATION: Travel to Miami for Mediation and Deposition of Amanda Calpin. |
| 1/29/2020 | Gregory Herbert | $2,346.75 | MEDIATION: Travel to Miami for Mediation. |
| 1/31/2020 | Joshua Brown | $2,063.25 | MEDIATION: Return travel from Miami, Florida after Mediation |

| Date | Timekeeper | Billed Amount | Narrative |
|---|---|---|---|
| 1/31/2020 | Gregory Herbert | $2,346.75 | MEDIATION: Return travel from Mediation at GT-Miami. |
| **TOTAL** | | **$31,665.60** | |

After meeting and conferring with Caracol's counsel, Telemundo also agrees to reduce the amount of attorneys' fees it is claiming by excluding any claim for time entries that Telemundo redacted. The below table lists excluded amounts for redacted time entries.

| Date | Timekeeper | Billed Amount |
|---|---|---|
| 2/26/2019 | Joshua Brown | $486.00 |
| 2/26/2019 | Gregory Herbert | $1,415.70 |
| 2/27/2019 | Joshua Brown | $108.00 |
| 2/27/2019 | Gregory Herbert | $836.55 |
| 4/17/2019 | Gregory Herbert | $2,380.95 |
| 4/18/2019 | Gregory Herbert | $1,608.75 |
| 4/18/2019 | Gregory Herbert | $2,638.35 |
| 6/13/2019 | Gregory Herbert | $2,638.35 |
| 7/03/2019 | Gregory Herbert | $1,370.25 |
| 8/13/19 | Gregory Herbert | $1044.00 |
| 3/05/2020 | Gregory Herbert | $1,609.20 |
| 3/10/2020 | Gregory Herbert | $268.20 |
| 3/11/2020 | Gregory Herbert | $804.60 |
| 5/25/2020 | Gregory Herbert | $804.60 |
| 5/28/2020 | Gregory Herbert | $469.35 |
| 8/10/2020 | Arda Goker | $284.40 |
| 8/10/2020 | Gregory Herbert | $2,547.90 |
| 9/8/2020 | Gregory Herbert | $737.55 |
| **TOTAL** | | **$22,052.70** |

Gregory W. Herbert, Esq. is a shareholder at Greenberg Traurig and has nearly three decades of experience litigating intellectual property cases. Mr. Herbert has been Board Certified as an expert in Intellectual Property Law by the Florida Bar since 2009, a distinction held by fewer than 1% of Florida attorneys, and was voted by his peers as "Lawyer of the Year" in various intellectual property practice areas in the Orlando market for 2014, 2016, 2018, 2019 and 2021, as

noted in *The Best Lawyers in America*.    Mr. Herbert's firm biography is available at https://www.gtlaw.com/en/professionals/h/herbert-gregory-w.

Joshua R. Brown, Esq. is a patent attorney and shareholder at Greenberg Traurig.  He has been a litigator since 2004, his practice has been primarily focused on intellectual property law since 2007, and has been Board Certified as an expert in Intellectual Property Law by the Florida Bar since 2011.  Mr. Brown was listed in *The Best Lawyers in America* from 2019-2021, and his firm biography is available at https://www.gtlaw.com/en/professionals/b/brown-joshua-r.

Corinne M. LaGosh, Esq. is a patent attorney and of counsel at Greenberg Traurig and has been litigating intellectual property cases for over 12 years.  Ms. LaGosh was named a "Rising Star" by *Washington D.C. Super Lawyers* from 2014-2015 and by *Florida Super Lawyers* from 2016-2018 and 2020.  Prior to private practice, Ms. LaGosh served as law clerk to the Honorable Ivan D. Davis, U.S. District Court for the Eastern District of Virginia.  Her firm biography is available at https://www.gtlaw.com/en/professionals/l/lagosh-corinne-miller.

Stephen Anderson, Esq. is a patent attorney and of counsel at Greenberg Traurig and has nearly eight years of experience litigating intellectual property cases.  Dr. Anderson was named a "Rising Star" by *Florida Super Lawyers* from 2017-2020 and included as "One to Watch" by *The Best Lawyers in America* in 2021.    Dr. Anderson's firm biography is available at https://www.gtlaw.com/en/professionals/a/anderson-stephen.

Arda Goker, Esq. is an associate at Greenberg Traurig and has nearly four years of experience handling litigation and appellate matters.  Mr. Goker's firm bio is available at https://www.gtlaw.com/en/professionals/g/goker-arda.

Paula Castro is a paralegal at Greenberg Traurig and has over twenty years of experience as a litigation paralegal.  She is a native Spanish speaker who is fully bilingual.  Her work on this

case included reviewing and checking translations of Spanish language documents and materials, including reviewing the works at issue.

The "Average Rate Paid" shown in Tables 1 and 2 are the average hourly rates Telemundo paid for each timekeeper's services over the indicated period.[7]  These average rates are based on the discounted rates Telemundo contracted to pay **and did pay** Greenberg Traurig for the services of these timekeepers.  For comparison, the current "Standard Rate" for each of the timekeepers is also shown.  The discounted rates Telemundo paid are reasonable given the complexity of this case and the expert qualifications and/or the level experience of the timekeepers in defending bilingual, copyright cases brought by Latin-American companies.

### Table 3: Summary of Costs Due

| DESCRIPTION | 28 U.S.C. § 1920[8] | Rule 68[9] | § 768.79[10] |
|---|---|---|---|
| Court Reporter and Deposition Transcript Fees[11] | $14,580.25 | $1,254.65 | $1,254.65 |
| Fees for Exemplification and Copies[12] | $8,068.02 | $3,008.50 | $3,008.50 |

---

[7] The rates charged fluctuated somewhat over the three years the case was litigated in this Court.

[8] Total costs due pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and the Copyright Act.  A Bill of Costs and supporting memorandum are filed concurrently herewith.  In an abundance of caution, costs recoverable under 28 U.S.C. § 1920 are also included here to the extent Caracol may argue that these costs are non-taxable.

[9] Costs incurred from May 8, 2020 to present.

[10] Costs incurred from May 8, 2020 to present.

[11] Costs of deposition transcripts are recoverable under § 1920.  *Oulia v. Fla. Dep't of Transp.*, 2020 WL 5536763, at *2 (S.D. Fla. Aug. 19, 2020), *report and recommendation adopted*, 2020 WL 5535531 (S.D. Fla. Sept. 15, 2020).  Also, "[t]he Eleventh Circuit has held that costs for videotaping depositions are taxable under § 1920(2)."  *Berbridge v. Sam's E., Inc.*, 2017 WL 4938820, at *3 (S.D. Fla. Nov. 1, 2017) (citing *Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) for the proposition that "[w]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.").

[12] "[C]osts of pre-trial translations of documents are taxable pursuant to § 1920, as long as the translations were necessarily obtained for use in the relevant action."  *Glen v. Club Mediterranee*

| DESCRIPTION | 28 U.S.C. § 1920[8] | Rule 68[9] | § 768.79[10] |
|---|---|---|---|
| Expert Witness Fees[13] | N/A | N/A | $31,500 |
| **TOTAL** | **$22,648.27** | **$4,263.15** | **$35,763.15** |
| **TOTAL UNOPPOSED** | **$0.00** | **$0.00** | **$0.00** |

The Declaration included in **Exhibit D** hereto reflects the time and expenses incurred by Defendants' counsel in this case. Accordingly, Defendants hereby certify that they have incurred attorneys' fees in the total amount of $1,172,655.80 and costs in the amount of $35,763.15. Exhibit B to **Exhibit D** includes a table as well as invoices reflecting costs incurred in this case. Excluding travel time and redacted time entries, Telemundo is hereby seeking attorneys' fees in the total amount of $1,118,937.50 and costs in the amount of $35,763.15.

WHEREFORE, Defendants respectfully request that the Court: (i) award Defendants **$1,154,700.65** in reasonable attorneys' fees and costs; (ii) order the award payable no later than 30 days from entry of the Court's Order on this Motion; and (iii) such other and further relief the Court deems just and appropriate under the circumstances.

## REQUEST FOR HEARING

Telemundo requests a one-hour oral argument to address the issues raised herein, and believes a hearing will assist the Court assessing the attorneys' fees and costs owed to Telemundo.

## VERIFICATION

Pursuant to S.D. L.R. 7.3(a)(7), I certify that I have fully reviewed the time records and supporting data and that this request for attorneys' fees is well grounded in fact and justified.

---

*S.A.*, 2005 WL 8155974, at *6 (S.D. Fla. Oct. 17, 2005), *report and recommendation adopted*, 2005 WL 8155979 (S.D. Fla. Dec. 22, 2005); *see also Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983).

[13] "Expert witness fees may be awarded as costs under § 768.79." *Arnoul v. Busch Ent. Corp.*, 2008 WL 5341148, at *4 (M.D. Fla. Dec. 19, 2008).

Additionally, I verify, under penalty of perjury, that the foregoing statements are true and accurate, to the best of my knowledge.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to S.D. Fla. L.R. 7.3(b), the undersigned certifies that he has conferred with Plaintiffs' counsel regarding the relief requested herein.  In response to Plaintiff's objections to a draft of this motion provided by the undersigned, Telemundo withdrew its demand for attorneys' fees associated with redacted time entries and travel.  Plaintiff objects to all relief requested.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

By*: **s/ Joshua R. Brown**___
Gregory W. Herbert, Esq.
Florida Bar No. 0111510
herbertg@gtlaw.com
Joshua Brown, BCS
Florida Bar No. 826391
brownjr@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
Facsimile No. (407) 841-1295
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19 2021, I filed the foregoing document with the Clerk of the Court which will send a copy to all attorneys of record including David M. Rogero, Esq., David M. Rogero, P.A., 2625 Ponce de Leon Boulevard, Suite 280, Coral Gables, Florida 33134, dmrogero@dmrpa.com; yhayala@dmrpa.com.

*s/ Joshua R. Brown*__
Joshua R. Brown