UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-23443-GAYLES

**CARACOL TELEVISION, S.A.,**

    Plaintiff,

vs.

**TELEMUNDO TELEVISION STUDIOS, LLC., TELEMUNDO INTERNACIONAL LLC, and TELEMUNDO NETWORK GROUP LLC,**

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR STAY OF DEFENDANTS' MOTION
FOR ATTORNEYS' FEES AND COSTS PENDING APPEAL
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff Caracol Television S.A. moves for a stay of the briefing and determination of Defendants' Motion for Attorneys' Fees and Costs, [DE 118] and Defendants' Bill of Costs [DE 117-1] pending resolution of the appeal Plaintiff has filed with the Eleventh Circuit Court of Appeals on February 17, 2021 [DE 113].

    Prior to the filing of Telemundo's Motion for Attorneys' Fees and Costs, Caracol asked Telemundo whether it would agree to a motion asking this Court to defer the matter of attorneys' fees until conclusion of the pending appeal. Telemundo declined and filed its Motion.

    Litigating the issue of attorneys' fees and costs will require considerable time and effort, which will have been wasted should Caracol prevail in its appeal on the merits. Telemundo's Motion for Attorneys' Fees and Costs raises a host of issues, many not squarely addressed in the four corners of its Motion. Telemundo seeks to collect all of the fees it incurred as the prevailing party under the Copyright Act, although only one count of Caracol's Amended Complaint sought

1

relief under the Copyright Act. Further, Telemundo fails to apportion its fees, and fails to deduct fees relating to its defense of the contract claims asserted by Caracol. In addition, because the billing information provided in support of Telemundo's request for fees does not segregate individual tasks, the billing records are not easily amenable to an analysis of the reasonableness of its claim. Caracol also contests the reasonableness of the hourly rates charged by Telemundo's attorneys and challenges the duplication of efforts resulting in excessive billing.

As discussed below, no harm will come by deferring consideration of Telemundo's Motion until after the pending appeal is resolved. Accordingly, Caracol seeks to defer litigating the issue of attorneys' fees until the appeal is concluded.

## ARGUMENT

The Federal Rules of Civil Procedure contemplate that a district court may defer ruling on a request for attorneys' fees and costs until a pending appeal has been decided. *See* Comments to Fed. R. Civ. P. 54 (1993 amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved").

The Supreme Court has identified four factors to be considered in assessing a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The stay factors contemplate "individualized judgments" in each case, and "the formula [for doing so] cannot be reduced to a set of rigid rules." *Id.* at 777 (emphasis added).

In its appeal, Caracol will contest the Court's determination that the Letter Agreement transferred "all of Caracol's ownership interest in the Series." [DE 112 at 8] After all, while the Letter Agreement granted rights to "derivatives of the Sequel," it did not grant any rights to derivates of the original season. *See Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 522–23 (7th Cir. 2009) ("The owner of the copyright in the underlying work has the exclusive right to prepare derivative works based upon the copyrighted work . . . ."). And any transfer was temporally limited "[f]rom the inception through all stages of completion." Likewise, Caracol will argue that, although the Court found that the parties' course of conduct supported Defendants' interpretation of the Letter Agreement, Caracol introduced evidence that it never intended to transfer all ownership interests, and so summary judgment based on the parties' intent was improper. [DE 83 at 12] Caracol will also contest the Court's conclusion that Telemundo was entitled to summary judgment on all claims simply because "Caracol transferred all of its interest in the Series to Telemundo," a fact that was supposedly "fatal to all of Caracol's claims." [DE 112 at 10] But that fact was not fatal to any of the claims asserted in Counts II, III, and IV. For example, Count IV alleges that Telemundo infringed Caracol's copyright to elements of "El Cartel" and "El Cartel 2." Those elements existed before the parties here created the Series or Sequel. Accordingly, those elements of "El Cartel" could not have been elements of the Series that were transferred to Telemundo.

Since the Court has not likely lost faith in its own ruling in the past few weeks, Caracol does not belabor in detail all of the bases for its appeal. The fact, however, that the Court believes its ruling to be proper does not necessarily militate against the requested stay. The first factor should be applied flexibly, as were it applied literally it would almost never be met. *United States v. ASCAP*, 1991 U.S. Dist. LEXIS 14274, *2-3 (S.D.N.Y. Oct. 3, 1991).

The second factor weighs heavily in favor of a stay. Granting the requested stay preserves both judicial resources and the parties' resources, and allows Caracol to focus on preparing the matter for the Eleventh Circuit. Litigating the issue of attorneys' fees and costs will require that the Court expend resources that will have been wasted (and may have to be duplicated) in the event that Caracol succeeds in its appeal. Indeed, citing concerns of judicial efficiency, and without even examining the four factors cited above for stay of an order, courts often defer ruling on a request for fees until after an appeal on the merits is decided. *See, e.g.*, *Hipp v. Liberty Nat. Life Ins. Co.*, 65 F. Supp. 2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will … defer ruling on costs and attorneys' fees until all appeals have been resolved"), *aff'd in part, rev'd on other grounds in part*, 252 F.3d 1208 (11th Cir. 2001); *Nat'l Farmer's Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("Thus, rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, [ ] the district court wisely deferred ruling on attorneys' fees and costs pending appeal" (citations omitted)); *Hammond v. Alcoa, Inc.*, 2009 U.S. Dist. LEXIS 14212, *3-4 (W.D. Pa. Feb. 24, 2009) (deferring motion for an award of attorney's fees while appeal on merits was pending, finding the motion "premature" and that to rule before the Third Circuit decides the appeal would be "inappropriate" and "inefficient"); *Lasic v. Moreno*, 2007 U.S. Dist. LEXIS 88608, *2-3 (E.D. Cal. Nov. 21, 2007) (finding it in the interests of judicial economy to defer ruling on attorneys' fees request when appeal on merits is pending); *Truesdell v. Thomas*, No. 5:13-CV-552-OC-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016). In addition to judicial efficiency, the parties can avoid the unnecessary expenditure of fees (should this Court issue the requested Stay) by having to brief the attorneys' fees issue only one time.

The third factor also weighs heavily in favor of a stay. Telemundo will not be harmed by the issuance of the Stay. There is no allegation or basis to allege that Caracol will be unable to pay an award of reasonable attorneys' fees following a ruling from the Eleventh Circuit, should Caracol lose the appeal and this Court deem an award of fees appropriate. Moreover, if the Court proceeds with litigating the issue of attorneys' fees now, (i) as discussed above there are an abundance of reasons why an award of attorneys' fees is inappropriate, and (ii) even if Telemundo's Motion were ultimately granted in some measure, pursuant to Fed. R. Civ. P. 62 Caracol would post a bond in order to obtain a stay upon appeal. Thus, as a practical matter, in no event will Telemundo collect any fees until after the Eleventh Circuit rules on Caracol's appeal.

The fourth factor, regarding the public interest, also falls in favor of Caracol. The public interest is in the efficient use of court resources. Litigating the issue of attorneys' fees before the Eleventh Circuit has ruled on Caracol's appeal is simply not efficient, nor is there any prejudice to any party by deferring the issue.

## CONCLUSION

For these reasons, Caracol respectfully requests the Court grant its motion for a stay pending appeal. Alternatively, Caracol requests an amended briefing schedule whereby the deadline for its opposition papers to Telemundo's motion for fees and costs would be twenty days following this Court's denial of Caracol's request for a stay pending appeal.

Pursuant to this Court's Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

**/s/David M. Rogero/**
David M. Rogero
Fla. Bar No. 212172
E-mail: dmrogero@dmrpa.com
David M. Rogero, P.A.
2625 Ponce de Leon Blvd, Suite 280
Coral Gables, FL 33134
Telephone: (305) 441-0200
Fax: (305) 460-4099
*Attorney for Plaintiff Caracol Television S.A.*

6